May it please the court, Justice Souter, Judge Lynch, Judge Stahl, my name is Raymond Gillespie. I represent the defendant appellant, in this case, Heriberto Almonte-Reyes. Initially, I would like to ask permission to reserve two minutes of my allotted time for rebuttal. You may have it. Thank you, Your Honor. This case involves two issues. One is whether or not the waiver of appeal in the plea agreement should be enforced by this court. Aren't we beyond that? The government's not pressing that issue. I'll write, Your Honor. And the primary issue, of course, is whether or not the sentence imposed in the District Court of Puerto Rico, which was a consecutive sentence to be served after, and as yet, at that time, unimposed pending sentence in another federal district court in northern Georgia, was lawful under 18 U.S.C. 3584A. Of course, it's the defendant's position that it was expressly prohibited, that it's expressly prohibited by a fair reading of that statute. And specifically, the language of that statute in the last clause of subsection A is, and I quote, multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. Now, clearly, the initial court ordered that sentence to run consecutive to the sentence to be imposed in the pending future case. But as the District Court of the Northern District of Georgia, subsequent to this first sentence, approximately a year and a half later, qualified its sentence by saying that it should run concurrent with a sentence from Puerto Rico, this clause makes that judgment, that instruction, controlling. And these really are and must be held to be concurrent sentences. Was this issue discussed in the Georgia court? It was, Your Honor. Because here's what I'm worried about. Let's assume that you are correct. Was the Georgia court influenced to give a lesser sentence because it thought there was a chance, at least, that the Puerto Rico court sentence would be on and after? Well, as a matter of fact, and it's not in the record, and that can be corrected if the court would allow me to file the sentencing transcript after the hearing. But I just reread that transcript recently, and Judge Batten in that court specifically wanted his sentence to run concurrently with the Puerto Rico sentence. Right. And he declined to, he thought the 87 months was fair, but only in the context of it being concurrent with that first sentence. He was asked by the defendant's counsel in that case to chop off, I think it was at least three or four years, in anticipation of the possibility that these two sentences might be held to be consecutive. And in order to avoid that, as the district court judge's clear intent in Georgia was that the time should run concurrently, counsel asked him to do that. He declined to do that and said that 87 months is a fair sentence, but it really should run concurrently, and I hold that it should with that first sentence. What do you say about the government's argument for mootness? And in particular, would you tell me whether the Bureau of Prisons has taken a particular position as to whether it will treat these as concurrent sentences? I certainly don't know what their intention is at this point. I've had no indication of it. It is not moot because there certainly does exist the possibility that if the Bureau of Prisons continued to count these sentences separately, that the defendant, Mr. Amante Reyes, would serve considerable more time, as I pointed out in my response to the show. Do you take the government's claim that the issue is moot as, in effect, a concession that the Georgia sentence must run concurrently, not consecutively? I'm not sure if it's a concession, Your Honor, but I think it's somewhat unclear in that respect. I will point out, however, that I think that because 3584A clearly makes these sentences concurrent, that the risk involved here is that the Bureau of Prisons will not see it that way, and it's really not their function to determine whether these sentences should be concurrent or consecutive. That's a judicial function. Yes, that's the logic of your argument. Right, right. So if we say that the sentence that is on appeal could not be consecutive, in effect, we here will be imposing the ultimate sentence, I assume, because I don't know, for instance, if the second judge had been faced with this issue of sentencing for the first time without the ruling of the first judge, he might have sentenced your client to a longer period, or he might have decided it should be consecutive, unless, reading the transcript, I would come to a different conclusion. Isn't that an issue that we have to grapple with? Well, I think you are deciding the sentence here. It's your position to decide the sentence. And I think that, with all due respect, I think the law is clear that that initial sentence was unlawful. Setzer is, of course, not on point and doesn't control, because Setzer had to do with a subsequent state sentence, which was, because of the different sovereigns, just a totally different deal. Justice Scalia's footnote that, in this hypothetical case, which is now a real case before you, he doubted that such a thing could be done. I think that's correct, and I think that's instructive for this panel. So, to wrap up, I think this court should rule that it was an unlawful sentence and that the remedy is to remand with instructions to strike the consecutive part of that sentence. Thereafter, the Bureau of Prisons will have no option but to run both these sentences concurrently and to credit all the time involved concurrently. Currently, of course, he's only serving the first sentence. That's my understanding. The second sentence, I mean. Second sentence. Second sentence. You're right, yes. Thank you. Thank you. May it please the Court, my name is Tiffany Monrose and I represent the United States. We ask that you affirm the judgment of the District Court for the reasons set forth in our brief. You have a major problem. It's also a major problem your office habitually has in this court, which is he did not make this objection at the time of sentencing. He later came in within the 14 days and moved the court to reconsider. It is First Circuit law that that motion for reconsideration does not excuse the failure to have made the objection, at which point normally the government would argue plain error is the standard of review for the Court of Appeals. However, the government has not argued that it's subject to plain error review, and we repeatedly have held that your office, which is the most frequent performer of this problem, has therefore waived the argument. And indeed, in your papers you have said to us this is de novo review of the purely legal issue in front of you. So I think you best start with the Setzer case and how it impacts this problem, given your failure to argue plain error review. Yes, I understand the court's position regarding failing to argue plain error, and the brief does not argue plain error. This court is certainly within its own discretion to determine, based on the defendant's failure to lodge a contemporaneous objection, to determine whether or not the plain error standard of review should apply. Yes, we've consistently refused to exercise that discretion to favor the government for not doing the job the government should have done. So assume de novo review and get to the issue. Yes, Your Honor. In this case, the Setzer decision stands for the proposition that a district court can impose a consecutive, I'm sorry, an anticipatory consecutive state. How could it possibly? I'm sorry? The Supreme Court expressly reserved on the issue before us. Well, I was going to say that the Supreme Court in Setzer held that a district court can impose an anticipatory consecutive sentence to a state sentence. It was on a dual sovereignty question. Yes, it was. And it's not on this question, which is before us. Yes, the footnote that Almont relies on was oberta dictum, which should not control the issue before this court. While this circuit has certainly recognized that it should not be completely disregarded, the Supreme Court in United States v. Pink has stated that oberta dictum, while it should be respected, should not control the issue which is presented before the court. In this case, the decision imposed a consecutive sentence to a pending, for Almont's sentence to be consecutive to a pending sentence in another jurisdiction, in this case the Northern District of Georgia. The sentence was, I would submit, is not illegal in light of the fact that the court in Setzer held that it's more natural to read Section 3584A to leave discretion, to allow room for judicial discretion in instances which are not covered by the statute. Isn't the answer to that that while it superficially allows discretion for the first sentencing court, if the first sentencing court's order in this case is respected, it eliminates discretion from the second sentencing court, or in the alternative, as has been suggested from the bench, it coerces the second sentencing court into a sentence that it would not otherwise have handed down, owing to respect for the consecutive disorder of the first one. So isn't the real problem that if you allow the kind of discretion that you're arguing for, you eliminate or control the discretion of a second court? And that can't be right, can it? Well, I wouldn't say that the first court eliminated the discretion of the second court. It certainly eliminates the discretion of the second court to make it a concurrent sentence. The second court could consider whether or not to impose a consecutive sentence and determine whether or not there was relevant conduct from the first offense, from the first conviction that relates to the second conviction, without a copy of the transcript from the sentencing hearing in the Northern District of Georgia. It's hard to say that the sentencing court there determined that the conviction in the District of Puerto Rico was relevant conduct. Okay. I just don't get your argument. My point is that whatever may be in the mind of the second court, it may not impose a concurrent sentence. Isn't that a control of the discretion of the second court? I would say no. I would say in my supplemental, in my response to the court's order to address the mootness issue, I addressed that the discretion can be left to the second court, the last court that issues sentencing. Well, are you taking the position that the Georgia court in this case, therefore, controls and that, in fact, this is concurrent sentencing? That was the position that I took in my supplemental response. Is that what you meant on the mootness point? That's the argument that I made, yes, Your Honor. So you're, in effect, you're conceding, the government is conceding, that the second court, in effect, can nullify the consecutiveness order of the first court. Well, based on a reading of the statute, as the facts now exist today, the second court was in a position to determine whether or not the already existing undischarged term of imprisonment should be imposed concurrently or consecutively. And looking at the Oedekerk v. Ryan case, the Sixth Circuit held that the last sentencing court can determine whether the sentence and control whether the last sentence is, will determine whether it's consecutive or concurrent in that case. If this is your position, why aren't you confessing error here and agreeing that the case can be remanded with instructions to strike the consecutive portion of the sentence? Well, I was not authorized to make such a statement to this court. The sentence as it stands, at the time that the sentence was issued, my reading of Setzer did not follow that it was illegal. Of course, upon review of the circumstances, and the Supreme Court in Setzer did consider the fact that the late onset of facts can materially change the circumstances, and it gave options to the defendant. I see. So you're saying the first sentence was not illegal. It was within the power of the judge to do it, but that the second judge has discretion to somehow affect that sentence? Yes. And the court in Setzer said that there are several options that can be available to a defendant when a subsequent sentence can make it difficult. Yes, but again, that involved the state court system. I'm sorry? Setzer, when it said that, was talking about the state court judges, not a subsequent federal court judge. That's correct, Your Honor. Nonetheless, the court said that there were several options available to a defendant, including a motion by the director of the Bureau of Prisons to petition the court for a reduction of sentence if there were compelling factors. So the judges now turn this over to the Bureau of Prisons, which is not in the business of sentencing. No, the decision will ultimately be made by the district court, not by the Bureau of Prisons. Pursuant to 18 U.S.C. 3582 C1A1, I'm saying that the district court can be motioned by the director. I must confess. Yes. I'm in utter confusion at this point of exactly what your position is. It seems to me, on the one hand, you're saying that what the second judge did made it eminently clear that he intended that his sentence would run concurrently with the first sentence. You seem to be saying, on the one hand, that he can do that. Yes. Therefore, doesn't it make it simply that we should reverse, send it back to the first judge and say, correct the sentence? Yes, Your Honor. Except your rationale for doing it may well be wrong and encourage this situation to occur again in the future. Would you like to respond? With respect to the court's explanation statement, I believe my rationale is sound, but I don't want to reiterate it because I believe that the court is clear on my position, at least, whether it agrees with it or not. But Justice Souter has a question. Yes. Let me ask you an alternative question. You have referred to, I think it was the Sixth Circuit case, but in any case, whichever the one was, to the effect that the later sentencing order is the one that controls if there is a conflict between them. Yes, Your Honor. And I take it the government accepts that as, in effect, law to be applied here? Yes, Your Honor. All right. And, in effect, it nullifies the prior order stipulating that the two must be consecutive. Would that be a fair statement of the government's position? Yes, Your Honor. I think you better not. There are two options that Justice Souter just fleshed out. One is the government is saying there's something about this case that would mean that you ought to vacate the sentence. Your initial proposition was it isn't about particular cases. It is that the first sentencing judge simply doesn't have the power to impose a consecutive sentence. I mean, I know you'd like to win your case, but we're also trying to get the law right here. Well, I would maintain that same position, Your Honor, that the initial sentence by the first court in Puerto Rico as a consecutive sentence to be imposed on a future yet unimposed sentence in another federal court is simply unlawful under 3584A. Okay.  Thank you.